**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NORMAN H. COHEN, Ed.D.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 07-154C<br>Judge Emily C. Hewitt |

**ANSWER TO COMPLAINT**

Defendant, the United States, hereby answers the allegations which appear in the numbered paragraphs of Plaintiff's Complaint, filed March 9, 2007. Each numbered paragraph below responds to the corresponding numbered paragraph of the Complaint. Upon current information and belief, all allegations of the Complaint are denied except to the extent expressly admitted below.

1. With respect to paragraph 1, Defendant denies that this case involves a violation of the Copyright Act, codified at 17 U.S.C. 101 et seq., but admits that this Court has jurisdiction over claims for copyright infringement brought pursuant to 28 U.S.C.§1498(b).

2. With respect to paragraph 2, Defendant admits that this Court is the correct venue for claims brought pursuant to 28 U.S.C.§1498(b).

3. Upon current information and belief, paragraph 3 is admitted.

4. With respect to paragraph 4, Defendant admits that the Federal Emergency Management Agency ("FEMA") is a component of the Department of Homeland Security, an agency of the United States. Defendant further admits that the Emergency Management Institute is a component of FEMA and maintains a facility at the National Emergency Training Center in

Emmitsburg, Maryland. To the extent that paragraph 4 is construed to allege anything further, it is hereby denied.

5. With respect to paragraph 5, Defendant admits, upon current information and belief, that Dr. Cohen is the author or co-author of works (a) through (l) as listed in the Complaint. Defendant further admits that copyright registrations for these works were filed in the Copyright Office and that the works were published by either Krieger Publishing Company, Jossey-Bass, Inc., Publishers, or HRD Press, Inc. Defendant is without information or knowledge sufficient to determine which rights in the copyrighted works were retained by Dr. Cohen and which rights were transferred to the publishers and, therefore, denies such allegations. To the extent that paragraph 5 is construed to allege anything further, it is hereby denied.

6. With respect to paragraph 6, Defendant admits that between 2000 and March of 2004 FEMA controlled a website at http://www.training.fema.gov/emiweb/dfto/mentoring and that materials related to mentoring were available on this site for students to download. Defendant is without sufficient knowledge or information to answer each and every additional allegation contained in paragraph 6 and, therefore, denies the same.

7. With respect to paragraph 7, Defendant admits that FEMA did not receive express permission to use, modify, or publish any of the works. Defendant is without knowledge or information sufficient to form a belief as to each and every additional allegation contained in paragraph 7, and, therefore, denies the same.

8. With respect to paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 8, and, therefore, denies the same.

9. With respect to paragraph 9, Defendant admits that at some time in 2005 Plaintiff's counsel contacted FEMA's counsel and made an oral claim for damages of one million dollars to resolve this matter. Defendant further admits that on January 26, 2006 FEMA counsel responded in writing to Plaintiff explaining that FEMA did not infringe Plaintiff's copyright, had no liability, and any use of the works fell under the Fair Use provisions of the Copyright Act. To the extent that paragraph 9 is construed to allege anything further, it is hereby denied.

10. With respect to paragraph 10, Defendant admits that certain portions of the accused FEMA works are substantially similar to limited portions of certain works identified in the Complaint. Defendant further admits that the FEMA works were available for download by the public for a period of time prior to March of 2004 at http://www.training.fema.gov/emiweb/dfto/mentoring_course.asp. Defendant admits further that Plaintiff provided "Exhibit A" to his Complaint which purports to be a "key" to six of the identified works listed in the Complaint. Defendant denies that the FEMA works infringed upon the copyright of Dr. Cohen's "works" collectively, that complete or substantial portions of the copyrighted works were published, or that complete or substantial portions of the copyrighted works were published on the internet by FEMA. To the extent that paragraph 10 is construed to allege anything further, it is hereby denied.

11. Denied.

12. Denied.

13. With respect to paragraph 13, Defendant denies that its conduct was intentional or reckless. Defendant is without knowledge or information sufficient to form a belief as to each and every additional allegation contained in paragraph 13, and, therefore, denies the same.

DEFENDANT'S FURTHER ANSWER AS TO DEFENSES

14. Answering further, Defendant alleges that this Court lacks jurisdiction pursuant to 28 U.S.C. §1498(b) to award compensation for any alleged acts of infringement that were committed more than three years prior to the filing of Plaintiff's Complaint.

Answering further, Defendant asserts any and all defenses which are presently unknown to Defendant but which, when ascertained, Defendant prays leave to add to this Answer or otherwise give notice to Plaintiff.

RELIEF REQUESTED BY DEFENDANT

WHEREFORE, Defendant respectfully requests the following relief:

A. That the Court dismiss Plaintiff's Complaint with prejudice and that the Court deny each prayer for relief sought by Plaintiff.

B. That the Court grant Defendant judgment for all its expenses, including costs and such other and further relief as the Court may deem proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Jon Tornquist
JON TORNQUIST
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 305-3075
Facsimile: (202) 307-0345
E-mail: jon.tornquist@usdoj.gov
Attorneys for the United States

July 3, 2007