**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NORMAN H. COHEN, Ed.D | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-154C |
| v. | ) | |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, Paragraphs 4 and 5, the parties provide the Court with the following Joint Preliminary Status Report.

**a. Does this Court have jurisdiction over the action?**

**Joint Response:** Yes.

**b. Should the case be consolidated with any other case and, if so, why?**

**Joint Response:** No.

**c. Should trial of liability and damages be bifurcated and, if so, why?**

**Joint Response:** No.

**d. Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

**Joint Response:** No.

**e. In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

**Joint Response:** No.

**f. Will additional parties be joined?**

**Government's Response:** Defendant cannot determine at this time the rights of the publishers in the asserted copyrights. To the extent that the publishers retained any exclusive rights in the copyrighted work, the United States faces "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" and, therefore, the publishers may be indispensable parties to this suit. *See* RCFC 19(a).

**Plaintiff's Response:** Plaintiff is the holder of the copyrights at issue, and disputes that any other parties may be considered "indispensable" pursuant to RCFC 19.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

**Government's Response:** The parties do not intend to file 12(b) motions. Defendant contemplates filing a motion for partial summary judgment foreclosing recovery for all alleged acts of infringement committed prior to March 9, 2004, or three years before the Complaint was filed. *See* 28 U.S.C. §1498(b).

**Plaintiff's Response:** Plaintiff disputes the basis for the proposed summary judgment motion. Furthermore, Plaintiff may elect to recovery statutory damages which would render moot the proposed motion.

**h. What are the relevant factual and legal issues**?

**Government's Response:** The issues involved in this case are the scope of Plaintiff's copyright and, to the extent that infringement is found, the quantum of damages.

**Plaintiff's Response:** Plaintiff disputes that the "scope" of the copyright is at issue in this case.

**i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

**Joint Response:** Both parties seek a mutually agreeable settlement in this case. However, the parties remain far apart regarding the quantum of damages. ADR proceedings before a judge of the Court of Federal Claims with experience in copyright cases may be useful in attempting to arrive at a resolution of this case.

**j. Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

**Joint Response:** If settlement efforts are unsuccessful the parties anticipate proceeding to trial. The parties do not request an expedited trial schedule.

**k. Are there special issues regarding electronic case management needs?**

The parties are not aware of nor do they foresee any special issues regarding electronic case management in this case.

**Proposed Discovery Plan:**

The parties propose a six month period of fact discovery and a two month period of expert discovery. After the close of discovery, the parties propose that a status conference be held to determine the appropriate date for summary judgment filings or trial.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/Jon Tornquist
JON TORNQUIST
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 305-3075
Facsimile: (202) 307-0345
E-mail: jon.tornquist@usdoj.gov
Attorneys for the United States

KLINE & SPECTER,
*A Professional Corporation*

s/Jonathan Cohen
Jonathan M. Cohen, Esq
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Attorney for Plaintiff

August 24, 2007